IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02576-KAS

D. L. L.,[1]

    Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court[2] on the **Social Security Administrative Record** [#8], filed November 28, 2022, in support of Plaintiff's Complaint [#1] seeking review of the decision of the Commissioner of the Social Security Administration ("Defendant" or "Commissioner"), denying Plaintiff's claims for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq. On January 6, 2023, Plaintiff filed an Opening Brief [#10] (the "Brief"). Defendant filed a Response [#14] in opposition, and Plaintiff filed a Reply [#15]. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court has reviewed the entire case file and the

---

[1] Pursuant to D.C.COLO.LAPR 5.2(b), "[a]n order resolving a social security appeal on the merits shall identify the plaintiff by initials only."

[2] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. See [#9, #16]; Reassignment [#17].

applicable law. For the reasons set forth below, the decision of the Commissioner is **REVERSED** and **REMANDED**.

## I. Background

On January 2, 2020, Plaintiff filed applications for disability insurance benefits under Title II and supplemental security income under Title XVI, alleging disability beginning June 14, 2019. Tr. 297-313, 343.[3] These claims were denied initially on August 20, 2020, and again upon reconsideration on May 28, 2021. Tr. 107-124, 127-160. Plaintiff then filed a written request for a hearing with an Administrative Law Judge (the "ALJ"), which took place on February 1, 2022. Tr. 35-59, 243-244. On February 18, 2022, the ALJ issued an unfavorable decision. Tr. 16-28.

The ALJ first determined that Plaintiff met the insured status requirements of the Act through December 31, 2020, and that he had not engaged in substantial gainful activity ("SGA") since June 14, 2019, the alleged onset date. Tr. 18. At step two, the ALJ then found that Plaintiff suffers from six severe impairments: (1) degenerative disc disease of the cervical and lumbar spine, (2) right rotator cuff tear status post arthroscopic surgery, (3) obesity, (4) fibromyalgia, (5) major depressive disorder, and (6) post-traumatic stress disorder ("PTSD"). Tr. 18. However, at step three, the ALJ also found that Plaintiff's impairments, either separately or in combination, did not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 19.

---

[3] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 8 through 8-10, by the sequential transcript numbers instead of the separate docket numbers.

The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform "light work"[4] with the following limitations:

> The claimant can never climb ladders, ropes or scaffolds. He can occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl. He can occasionally reach overhead with the right dominant upper extremity. He can frequently reach in all other directions with the right dominant upper extremity. He can tolerate frequent exposure to extreme heat, pulmonary irritants such as fumes, odors, dusts, gases, or poor ventilation and hazards such as unprotected heights and heavy mechanical machinery (like a jackhammer or tractor). He can perform work which needs some skills but does not require doing the more complex work duties. He can persist at tasks that can be learned in up to three months on the job. He can sustain ordinary routines, understand, carry out, and remember instructions and use judgment in making work related decisions. He can attend and concentrate for 2-hour periods totaling a normal eight-hour workday with usual work breaks. He can maintain persistence and pace. He can respond appropriately to supervision, co-workers, and usual work situations. He can tolerate occasional interaction with co-workers but should not have to engage in any teamwork or collaboration with them. He can tolerate brief (meaning lasting no more than 10 minutes at one time) interaction with the general public for up to 10 percent of an average workday. He must avoid work environments with public crowds such as restaurants, theaters, and retail stores. He can adapt to changes in a routine work setting. He can adapt to frequent changes in work duties and tasks.

Tr. 22. At step four, the ALJ found that Plaintiff was unable to perform his past relevant work as a security guard based on the RFC and the testimony of an impartial vocational expert ("VE"). Tr. 27. However, at step five, the ALJ found that there were a significant number of jobs in the national economy that Plaintiff could perform based on his age, education, work experience, and RFC:

---

[4] "Light work" is defined as follows: "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [one] must have the ability to do substantially all of these activities. If someone can do light work, [the agency] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

> The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as mail clerk (DOT #209.687-026, a light exertional level job with a SVP code of 2 and 65,000 positions in the United States), marker (DOT #209.587-034, a light exertional level job with a SVP code of 2 and 65,000 positions in the United States), and folder (DOT #369.687-018, a light exertional level job with a SVP code of 2 and 20,000 positions in the United States).

Tr. 27-28. Therefore, the ALJ found Plaintiff not disabled. Tr. 28. Plaintiff appealed this decision to the Appeals Council, which denied review. Tr. 1-7. Accordingly, the ALJ's decision is the Commissioner's final decision for purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1481.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration (SSA) is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

4

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effect of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act; rather, to be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See, e.g.*, *Kelley v. Chater*, 62 F.3d 335, 338 (10th Cir. 1995) (citing 42 U.S.C. § 423(d)(1)(A)).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Hum. Servs.*, 10 F.3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it de novo." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal quotation marks, citation, and modification omitted).

A. **The Five-Step Framework**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits.

*See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four and, if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750-751 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether the claimant is "presently engaged in substantial gainful activity." *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004). If not, the ALJ considers at step two whether the claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," i.e., the "Listings." *Allen*, 357 F.3d at 1142. "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him or her] from performing [his or her] past relevant work." *Wall*, 561 F.3d at 1052. "Even if a claimant is so impaired, the agency considers, at step five, whether [he or she] possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B.    Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, the ALJ

need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks and citation omitted). "It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Broadbent v. Harris*, 698 F.2d 407, 412, 414 (10th Cir. 1983). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). However, the Court will not reverse if it finds the ALJ's error to be harmless.[5] *See Allen*, 357 F.3d at 1145 ("We have generally recognized the applicability of [the harmless error] principle in the administrative review setting. Further, we have specifically applied it in social security disability cases, though not always by name and without settling on a definitive characterization of its precise contours and range of application in this somewhat unique, nonadversarial setting.") (citations omitted).

### III. Analysis

Plaintiff argues that the ALJ committed reversible legal error by failing to consider certain medically determinable impairments and that the final decision was not based on

---

[5] "A legal error is harmless if, when following the correct analysis, no reasonable fact finder could determine a different conclusion." *Poole v. Berryhill*, No. 17-cv-02398-MEH, 2018 WL 3323165, at *8 (D. Colo. July 6, 2018) (citing *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005)).

substantial evidence. *Brief* [#10] at 1.[6] Specifically, Plaintiff argues that the ALJ erred by (1) failing to evaluate all of his medically determinable impairments at step two, including his chronic pain syndrome ("CPS"), (2) failing to properly consider the combined effect of all of his impairments (including CPS) when formulating his RFC, (3) failing to produce an RFC consistent with the finding that his mental impairments are severe and significantly limit his ability to perform basic work activities, (4) relying on faulty VE responses due to a failure to consider all impairments, and (5) failing to reconcile inconsistencies between the RFC, VE testimony, and information supplied by the DOT. *Id.* at 1-12.

**A.     Consideration of Plaintiff's CPS at Step Two**

Plaintiff first argues that the ALJ's failure to discuss his diagnosed CPS at step two amounts to reversible legal error. *Brief* [#10] at 1. The Court disagrees. At step two of the review process, "an ALJ must determine whether a claimant has a severe medically determinable physical or mental impairment or combination of impairments that is severe." *G.L.T. v. Kijakazi*, No. 23-cv-00332-NRN, 2023 WL 8780953, at *4 (D. Colo. Dec. 19, 2023) (citing *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (citing 20 C.F.R. § 404.1520(a)(4)(ii))). If the ALJ finds that a claimant has no severe impairments at step two, she will find that the claimant is not disabled; however, if the ALJ finds at least one severe impairment, she must proceed to the step three analysis. *Id.* Therefore, "the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe." *Id.* Thus, the failure to consider a particular impairment at step two is also harmless if the ALJ finds at least one impairment to be severe and proceeds to step three.

---

[6] Page numbering refers to the brief's original numbering, not the numbering used by the Court's CM/ECF docketing system.

8

CPS is defined as "the combination of chronic pain . . . and the secondary complications that are making the original pain worse[.]" *McKennan v. Berryhill*, No. 18-cv-00777-REB, 2019 WL 1787661, at *3 (D. Colo. Apr. 24, 2019) (citation omitted). CPS is not a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1, although it is considered a medically determinable impairment.[7] *See, e.g.*, Social Security Ruling ("SSR") 03-2p, 2003 WL 22399117, at *1 (Oct. 20, 2003) (recognizing a CPS known as Reflex Sympathetic Dystrophy Syndrome or Complex Regional Pain Syndrome). Plaintiff provided evidence to the ALJ that he was first diagnosed with CPS by his medical provider on September 9, 2020, and again by a different medical provider on January 20, 2021. Tr. 789, 1482. However, at no point does the ALJ's decision mention Plaintiff's CPS. *See Brief* [#10] at 1; *Response* [#14] at 17. The ALJ is required "to at least consider a demonstrated impairment throughout the disability determination process." *Spicer v. Barnhart*, 64 F. App'x 173, 177 (10th Cir. 2003) (citing 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 404.1523). Therefore, the ALJ's failure to consider Plaintiff's diagnosed CPS at step two is a legal error.

Nevertheless, the Court finds the ALJ's failure to consider CPS at step two to be harmless error because the ALJ found multiple other impairments to be severe (degenerative disc disease of the cervical and lumbar spine, right rotator cuff tear status post arthroscopic surgery, obesity, fibromyalgia, major depressive disorder, and PTSD) and therefore proceeded to the next step of the sequential analysis. *See G.L.T.*, 2023 WL 8780953, at *5 (finding no reversible error at step two where the ALJ failed to discuss the

---

[7] A medically determinable impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. §§ 404.1521, 416.921.

9

plaintiff's CPS or aspects of the plaintiff's fibromyalgia because the ALJ proceeded to step three upon finding "at least one severe medically determinable physical or mental impairment"); Tr. 18-19.

### B.     Consideration of Plaintiff's CPS at Step Four

Plaintiff next argues that the ALJ committed reversible legal error when she failed to consider Plaintiff's CPS while formulating his RFC. *Brief* [#10] at 4. Specifically, Plaintiff argues that considering CPS as its own impairment reasonably might have changed the ALJ's perception of Plaintiff's "statements about the intensity, persistence, and limiting effects of his pain symptoms, and/or the ALJ's RFC determination." *Reply* [#15] at 4.

At step four of the sequential analysis, the ALJ must determine the claimant's physical and mental RFC. *See G.L.T.*, 2023 WL 8780953, at *5. A claimant's RFC "is the most [he] can do despite [his] limitations" and "is based on all the relevant evidence, including a claimant's credible allegations of pain." *Rivera v. Comm'r, SSA*, No. 22-1026, 2022 WL 17333068, at *5 (10th Cir. Nov. 30, 2022) (citing 20 C.F.R. §§ 404.1545(a)(1), 404.1529, 404.1545(a)(3)). Crucially, the ALJ must consider both severe and non-severe impairments in formulating the RFC. *Holgersen v. Comm'r, SSA*, No. 20-cv-00668-MSK, 2021 WL 2910655, at *5 (D. Colo. July 12, 2021). The assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (internal quotation marks and citations omitted).

Here, the ALJ failed to explicitly identify or consider Plaintiff's diagnosed CPS at any point during the five-step sequence, including when determining his RFC. *See Brief* [#10] at 1; *Response* [#14] at 17. Defendant argues that this failure to consider the

diagnosis of CPS was harmless because the ALJ considered all of Plaintiff's pain symptoms when determining his RFC. *Response* [#14] at 17. Specifically, Defendant claims that all pain symptoms caused by Plaintiff's CPS were accounted for when analyzing his back, neck, shoulder, and fibromyalgia pain. *Id.* Defendant argues that while the diagnosis of CPS was not discussed, the precise pain leading to the diagnosis was, meaning that the ALJ fully accounted for the functional consequences of this condition as required. *Id.*

The Court rejects Defendant's argument that Plaintiff's CPS was adequately considered. While the ALJ clearly considered at least some of Plaintiff's CPS-related pain symptoms when formulating the RFC, "consideration of a diagnosis is not the same as consideration of a symptom." *G.L.T.*, 2023 WL 8780953, at *6. As Plaintiff notes, CPS is more than just the chronic pain caused by an initial injury. *Brief* [#10] at 2. CPS is itself "capable of producing disabling pain." *Bakalarski v. Apfel*, No. 97-1107, 1997 WL 748653, at *2 (10th Cir. Dec. 3, 1997). Beyond this, CPS has both physical and psychological components that are not neatly separable, in which "[p]ain merges into and becomes a part of the mental and psychological responses that produce functional impairments." *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir. 1995). Thus, had Plaintiff's CPS been considered its own impairment, the ALJ might reasonably have altered her perception of Plaintiff's physical and mental limitations when formulating the RFC.

The ALJ's lack of discussion as to Plaintiff's diagnosed CPS leaves the Court unable to determine whether or how its physical and mental aspects were actually considered, as required by the regulations. *See Clifton*, 79 F.3d at 1010 ("[I]n addition to discussing the evidence supporting [her] decision, the ALJ also must discuss the

11

uncontroverted evidence [she] chooses not to rely upon[.]"). Therefore, the Court finds that the ALJ committed legal error.

If Plaintiff's CPS were fully considered as its own impairment when formulating the RFC, a reasonable fact finder could have determined that greater physical or mental limitations were appropriate, potentially leading to a finding that there are not a significant number of jobs in the national economy which the Plaintiff can perform. *See* 20 C.F.R. §§ 404.1566, 416.966. Accordingly, the Court finds that this legal error is not harmless, and that the ALJ's decision must be reversed and remanded.

**C.    Remaining Issues**

The Court "address[es] only so much of [P]laintiff's arguments as are sufficient to require reversal." *Cross v. Colvin*, 25 F. Supp. 3d 1345, 1348 n.1 (D. Colo. 2014). The Court expresses no opinion as to Plaintiff's remaining arguments and does not suggest what result should be reached on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (reversing and remanding after concluding the ALJ did not apply the correct legal standards and declining to consider remaining issues raised by the claimant "because they may be affected by the ALJ's treatment of this case on remand"). The Court encourages the parties, the ALJ, and the Commissioner on remand to consider fully and anew the evidence and all issues raised. *See Kepler v. Chater*, 68 F.3d 387, 391-392 (10th Cir. 1995) ("We do not dictate any result [by remanding the case]. Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case.") (citation and quotation marks omitted).

## IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Commissioner's decision that Plaintiff is not disabled is **REVERSED** and **REMANDED** for further proceedings consistent with this decision.[8]

IT IS FURTHER **ORDERED** that Plaintiff is **AWARDED** his costs, to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1), D.C.COLO.LCivR 54.1, and 28 U.S.C. § 2412(a)(1). *See, e.g.*, *Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1153 (D. Colo. 2015).

IT IS FURTHER **ORDERED** that the Clerk of Court shall enter judgment in favor of Plaintiff and close this case.

Dated: March 18, 2024                                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge

---

[8] The Court finds that this case does not present a proper occasion on which to exercise its discretion and direct the award of benefits. *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993). Again, by reversing the ALJ's decision, the Court does not find or imply that Plaintiff is or should be found disabled. *See, e.g.*, *Knuutila v. Colvin*, 127 F. Supp. 3d 1146, 1152 n.5 (D. Colo. 2015).